UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

OLUGBENGA OLUMFEMI,

    Plaintiff,

v.

BEAUMONT HEALTH,

    Defendant.

U.S. District Court No. _____
Hon. _____
Magistrate Judge _____

Removed from
6th Circuit Court
Case No. 22-194213-CD

---

THE CORTESE LAW FIRM, PLC
By:   Nanette L. Cortese (P43049)
*Attorney for Plaintiff*
30200 Telegraph Rd., Ste. 400
Bingham Farms, MI 48025
(248) 593-6933
ncortese@thecorteselawfirm.com

KIENBAUM HARDY VIVIANO
PELTON & FORREST, P.L.C.
By:   Eric J. Pelton (P40635)
       Michelle C. Ruggirello (P75202)
*Attorneys for Defendant*
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
mruggirello@khvpf.com

---

## DEFENDANT BEAUMONT'S NOTICE OF REMOVAL

TO:  Nanette L. Cortese              Clerk – Civil Division
       The Cortese Law Firm, PLC      Oakland County Circuit Court
       30200 Telegraph Road, Ste. 400  1200 N. Telegraph
       Bingham Farms, MI 48025       Pontiac, MI 48340

Defendant Beaumont Health, by its undersigned counsel, removes this action from the Oakland County Circuit Court, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

In support of its Notice of Removal, Beaumont states:

1. On May 20, 2022, Plaintiff commenced this action in the Oakland County Circuit Court by filing a Complaint entitled *Olugbenga Olumfemi v. Beaumont Health*, docketed as case number 2022-194213-CD. (Exhibit A.) The Complaint alleges that (1) Plaintiff was subject to discrimination, retaliation, and a hostile work environment due to his race and/or sex in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCLA §37.2101 *et seq.*; and that (2) Plaintiff was subject to discrimination, retaliation, and a hostile work environment due to his race and/or sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000 *et seq*.

2. The Summons and Complaint were personally served upon Beaumont on August 10, 2022. Thus, under 28 U.S.C. § 1446(b), this Notice of Removal is timely, because it is filed within 30 days of the first date that Beaumont received notice of the Complaint through service or otherwise.

3. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges discrimination based on his sex and/or race, in violation of Title VII. (Exhibit A, Count II).

4. Plaintiff's Complaint also pleads a state law claim under ELCRA (Exhibit A, Count I). This Court has pendent or supplemental jurisdiction over the state law claim because it derived from a common nucleus of operative facts with

Plaintiff's federal claims. See 28 U.S.C §1367; 28 U.S.C. §1441(c); *United Mine Workers of Am. V. Gibbs,* 383 U.S. 715, 725 (1966).

5.      The substantive allegations of Plaintiff's Complaint can be fairly read to indicate that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff acknowledges that he is seeking more than $25,000. (Ex. A, Complaint, ¶ 3.) Plaintiff claims he was discriminated against because of his race and/or sex in violation of ELCRA (Count I) and discriminated against due to his race and/or sex in violation of Title VII (Count II). As a result, Plaintiff alleges that he sustained wide-ranging economic damages, including loss of earnings, and employment benefits. *Id.* at 29. Plaintiff also seeks recovery for alleged non-economic damages, such as loss of reputation, emotional distress, embarrassment, and humiliation *Id.*

6.      Because Plaintiff's Complaint does not identify a dollar amount, under 28 U.S.C. § 1446(c)(2)(A)(ii), Defendant states the following:

   a.   Plaintiff's employment terminated October 8, 2020 (Complaint, ¶ 12). For the less than ten months in 2020 that Plaintiff worked for Beaumont, his wages were over $65,000. He worked full time and received benefits for which he claims a loss. It is reasonable to project that Plaintiff could have earned over $85,000 annually, plus benefits, had he remained employed by Beaumont in the nearly two-year period between the termination of his employment in 2020 and the present.

   b.   Additionally, alleged non-economic or personal injury damages under Michigan workplace protection laws are generally regarded as having equivalent or possibly greater potential than

        alleged economic damages. *See, e.g.*, *MDCR v. Silver Dollar Café*, 441 Mich. 110, 131 n. 32 (1992).

    c.    Finally, the recovery of attorneys' fees is properly included in the amount in controversy "where [as here under ELCRA] a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

    d.    Therefore, the amount in controversy in this action can be fairly read to aggregate an amount in excess of the $75,000 jurisdiction threshold.

7.    A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Clerk of the Oakland County Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d), and copies will be served upon Plaintiff's counsel as verified by the attached certificate of service.

8.    This action is therefore removable to this Court pursuant to 28 U.S.C. §§ 1331 and 1441.

    Respectfully submitted,

    KIENBAUM HARDY
    VIVIANO PELTON & FORREST, P.L.C.

    By: */s/Eric J. Pelton*
        Eric J. Pelton (P40635)
        Michelle C. Ruggirello (P75202)
    *Attorneys for Defendant*
    280 N. Old Woodward Avenue, Suite 400
    Birmingham, Michigan 48009
    (248) 645-0000
    epelton@khvpf.com
    mruggirello@khvpf.com

Dated: August 31, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31,2022, I caused the foregoing Notice of Removal to be electronically filed with the Clerk of the Court using the CM/ECF system and served in the following matter:

By the 6th Circuit Court's MiFiling electronic filing system upon:

>Clerk of the Court
>6th Circuit Court
>Civil Division
>1200 N. Telegraph Rd., Dept. 404
>Pontiac, MI  48341-0404

and by e-mail and U.S. Mail upon:

>Nanette L. Cortese
>The Cortese Law Firm, PLC
>30200 Telegraph Rd., Ste. 400
>Bingham Farms, MI  48025
>ncortese@thecorteselawfirm.com

>/s/Eric J. Pelton
>Eric J. Pelton (P40635)
>Kienbaum Hardy Viviano
>Pelton & Forrest, P.L.C.
>280 North Old Woodward, Ste. 400
>Birmingham, Michigan 48009
>(248) 645-0000
>epelton@khvpf.com

455976

# EXHIBIT A

To

# Notice of Removal

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2022-194213-CD -CD<br>JUDGE EDWARD SOSNICK |
|---|---|---|

**Court address**
1200 N. Telegraph Road, Dept. 404, Pontiac, MI 48341-0404

**Court telephone no.**
248-858-0344

**Plaintiff's name(s), address(es), and telephone no(s).**
Olugbenga Olumfemi

v

**Defendant's name(s), address(es), and telephone no(s).**
Beaumont Health
26901 Beaumont Blvd.
Southfield, Michigan 48033

**Plaintiff's attorney, bar no., address, and telephone no.**
Nanette L. Cortese (P-43049)
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933/fax (248) 593-7933

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

RECEIVED AUG 10 2022
BY: hand delevered

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 5/20/2022 | 08/19/2022 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

(Left margin: FILED Received for Filing Oakland County Clerk 5/20/2022 11:51 AM)

| | SUMMONS |
|---|---|
| **PROOF OF SERVICE** | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date

My commission expires: _____  Signature: _____
                        Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                            Attachments
_____ on _____
                                      Day, date, time
_____ on behalf of _____.
Signature

Case 2:22-cv-12058-MAG-EAS   ECF No. 1, PageID.9   Filed 08/31/22   Page 9 of 15

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

OLUGBENGA OLUMFEMI,

    Plaintiff,

2022-194213-CD

v.

Case No: 22-    -CD
HON.

BEAUMONT HEALTH,

JUDGE EDWARD SOSNICK

    Defendants.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

There are not currently any pending actions in this or any other Court arising out of the same transactions or occurrences giving rise to this Complaint.

_/s/ Nanette L. Cortese_
NANETTE L. CORTESE (P-43049)

NOW COMES the Plaintiff, Olugbenga Olumfemi, by and through its attorneys The Cortese Law Firm, PLC, and for this his Complaint states as follows:

### I. JURISDICTIONAL AVERMENTS

1. Plaintiff Olugbenga Olumfemi is a resident of county of Oakland, State of Michigan.

2. Defendant Beaumont Health ("Beaumont") is a Michigan corporation with a principal place of business in Oakland County, Michigan.

3. The events giving rise to this cause of action occurred in Oakland County, Michigan and there is in excess of $25,000 in controversy, and jurisdiction is proper.

4. The EEOC issued a Right to Sue letter and this suit it being filed within 90 days of receipt of that letter.

## II. FACTUAL AVERMENTS

5. Plaintiff reincorporates and realleges the above paragraphs as though fully stated herein.

6. Plaintiff Olugbenga Olumfemi was employed by Defendant Beaumont Health as a registered nurse.

7. Plaintiff along with other registered nurses and other healthcare providers was assigned by Beaumont to a very difficult mentally ill patient who will be referred to as "John Doe". John Doe would frequently subject the healthcare providers to a sexually hostile work environment by performing sexual acts in front of them and/or attempting to grab them and pull them close to him. Plaintiff Olugbenga Olumfemi was subject to this hostile work environment based upon sex.

8. Plaintiff Olugbenga Olumfemi and other healthcare providers made management aware of this behavior and the hostile work environment it engendered.

9. The patient required 24-hour supervision. Management stated that the healthcare providers should simply allow the patient to engage in sexual activity in front of them.

10. Plaintiff Olugbenga Olumfemi was told by management that he would be assigned to the patient since as a male he would be more able to deal with the patient.

11. Plaintiff Olugbenga Olumfemi also made allegations to the United States Equal Opportunity Commission that African-American males were assigned to this patient in disproportionate numbers as compared to healthcare providers who were of a different race and/or sex.

12. Plaintiff Olugbenga Olumfemi was terminated on or about October 8, 2020 for an incident with the patient.

2

13. Plaintiff Olugbenga Olumfemi responded to the patients room when he heard the patient making comments to the healthcare provider who was assigned at that time to be the patient's "sitter". At that time, according to Plaintiff, when he went into the room the patient attempted to assault him with the T.V. remote and he swatted the patient's hand away.

14. Plaintiff Olugbenga Olumfemi's employment was then terminated by Beaumont Health.

## COUNT I
## VIOLATION OF THE ELLIOTT-LARSEN MICHIGAN CIVIL RIGHTS ACT

15. Plaintiff re-alleges and reaffirms the above paragraphs as if fully set forth herein.

16. The Elliott-Larsen Michigan Civil Rights Act prohibits discrimination based on race or color.

17. Plaintiff Olugbenga Olumfemi is in a protected category, being African-American.

18. Plaintiff Olugbenga Olumfemi was subject to a hostile work environment based on sex due to the actions of patient John Doe in engaging in sexual activity in front of the healthcare providers and attempting to pull the healthcare providers into him. This created a hostile work environment based upon sex, which was severe and pervasive and affected the ability of the healthcare providers, including Plaintiff Olugbenga Olumfemi's, ability carry out their jobs.

19. Plaintiff Olugbenga Olumfemi was informed by management that he was being assigned to that patient because he was a male and would be better able to handle the patient.

20. Plaintiff Olugbenga Olumfemi was terminated under circumstances making it more plausible than not that his termination was based upon his race and/or sex, since he denied the allegations brought by the employer and the employer Beaumont Health's stated reason for terminating him was pretextual.

21. Alternatively, Plaintiff Olugbenga Olumfemi was terminated in retaliation for making management aware of the hostile work environment to which he was subject based upon sex, in violation of the Elliott-Larsen Michigan Civil Rights Act.

3

WHEREFORE Plaintiff Olugbenga Olumfemi respectfully requests this Honorable Court award him all damages allowed under the Elliot-Larsen Michigan Civil Rights Act, including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation and/or emotional distress, consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest, and attorney's fees. Plaintiff Olugbenga Olufemi also respectfully request this Honorable Court award him equitable relief including, but not necessarily limited to, reinstatement to his position, reinstatement to seniority, and any and all other equitable relief necessary to make him whole.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS

22. Plaintiff re-alleges and reaffirms the above paragraphs as if fully set forth herein.
23. Title VII of the Civil Rights Act prohibits discrimination based on race or sex.
24. Plaintiff Olugbenga Olumfemi is in a protected category, being African American.
25. Plaintiff Olugbenga Olumfemi was subject to a hostile work environment based on sex due to the actions of patient John Doe in engaging in sexual activity in front of the healthcare providers and attempting to pull the healthcare providers into him. This created a hostile work environment based upon sex, which was severe and pervasive and affected the ability of the healthcare providers, including Plaintiff Olugbenga Olumfemi's, ability carry out their jobs.
26. Plaintiff Olugbenga Olumfemi was informed by management that he was being assigned to that patient because he was a male and would be better able to handle the patient.
27. Plaintiff Olugbenga Olumfemi was terminated under circumstances making it more plausible than not that his termination was based upon his race and/or sex, since he denied the allegations brought by the employer and the employer Beaumont Health's stated reason for terminating him was pretextual.

4

28. Alternatively, Plaintiff Olugbenga Olumfemi was terminated in retaliation for making management aware of the hostile work environment to which he was subject based upon sex, in violation of Title VII.

29. As a result of the actions by Defendants in violation of Title VII, Olugbenga Olumfemi sustained damages including, but not necessarily limited to: being subject to discipline; loss of reputation; termination; loss of back wages; loss of front wages; loss of opportunity for advancement and/or promotion; loss of opportunity for retirement and/or pension benefits; loss of opportunity of other benefits including, but not necessarily limited to: health insurance, loss of reputation, emotional distress, embarrassment, humiliation, exemplary damages; etc.

30. Plaintiff is also requesting equitable relief in the form of reinstatement to his position with the Beaumont Health, reinstatement to seniority, and any other equitable remedy necessary to make him whole.

WHEREFORE Plaintiff Olugbenga Olumfemi respectfully requests this Honorable Court award him all damages allowed under Title VII, including, but not necessarily limited to, economic damages, loss of back pay, loss of future pay, loss of benefits, non-economic damages, damages for loss of reputation, damages for embarrassment, humiliation and/or emotional distress, consequential damages, incidental damages, exemplary damages, punitive damages, costs, interest, and attorney's fees. Plaintiff Olugbenga Olumfemi also respectfully request this Honorable Court award him equitable relief including, but not necessarily limited to, reinstatement to his position, reinstatement to seniority, and any and all other equitable relief necessary to make him whole.

Respectfully submitted,<br>
THE CORTESE LAW FIRM, PLC<br>
<br>
/s/Nanette L. Cortese<br>
Nanette L. Cortese (P-43049)<br>
Attorney for Plaintiff<br>
30200 Telegraph Road, Suite 400<br>
Bingham Farms, MI 48025<br>
(248) 593-6933/fax (248) 593-7933<br>
ncortese@thecorteselawfirm.com

Dated: May 20, 2022

6

## STATE OF MICHIGAN
## OAKLAND COUNTY CIRCUIT COURT

OLUGBENGA OLUMFEMI,

    Plaintiff,

2022-194213-CD

v.

Case No: 22-    -CD
HON.

BEAUMONT HEALTH,

JUDGE EDWARD SOSNICK

    Defendants.

---

THE CORTESE LAW FIRM, PLC
Nanette L. Cortese (P43049)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 593-6933/fax (248) 593-7933
ncortese@thecorteselawfirm.com

---

## JURY DEMAND

NOW COMES Plaintiff, Olugbenga Olumfemi, by and through his attorneys, The Cortese Law Firm, PLC, and hereby respectfully demands a trial by jury on all issues allowed by law.

                                                       /s/ Nanette L. Cortese
                                                       NANETTE L. CORTESE

Dated: May 20, 2022