UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLUGBENGA OLUFEMI,

    Plaintiff,

v.

BEAUMONT HEALTH,

    Defendant.

Case No:  2:22-cv-12058

Hon. Mark A. Goldsmith

Magistrate Judge Elizabeth A. Stafford

_____/

**DEFENDANT BEAUMONT HEALTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND COMPEL DEFENDANT TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE**

## INTRODUCTION

Plaintiff's Motion is not well taken. Procedurally and jurisdictionally, it is defective for several reasons: (1) This case was closed six months ago, and the Court did not retain jurisdiction; (2) Despite being represented by counsel, Plaintiff filed the Motion *pro se*; and (3) Plaintiff failed to seek Beaumont's concurrence before filing this Motion. In terms of substance, Beaumont admits it was late in providing the settlement proceeds.[1]  But that is now moot—Plaintiff has been paid in full. The

---

[1] Unfortunate delays in processing the payroll and checks occurred due to the elimination of the cost center to which Olufemi had been previously assigned and glitches with the transition from Beaumont's to Corewell Health's systems.

remaining of Plaintiff's arguments and requests are completely out of hand. Beaumont requests that this Court deny Plaintiff's Motion and further instruct Plaintiff, who, though represented by counsel, filed this Motion pro se, to cease filing frivolous motions in this closed case.

## BACKGROUND

By way of a brief summary, on March 8, 2023, the parties participated in a settlement conference, and reached a settlement. The material terms of the agreement were put on the record. Because the case was settled, on March 10, 2023, the Court dismissed the case with prejudice, "subject to reopening within 30 days if the settlement is not consummated, or if the parties stipulate to some other order of dismissal." (ECF No. 23.)  Neither party sought to reopen the case within the 30-day period.  Plaintiff then refused to execute the settlement agreement that reflected the terms agreed upon on March 8, 2023.

On June 29, 2023, Plaintiff's counsel filed a Motion to Withdraw (ECF No. 27).  On July 24, 2023, the Court held a status conference (ECF No. 29), and the parties executed the Settlement Agreement that day.  Plaintiff's Counsel's Motion to Withdraw was denied on August 4, 2023 (ECF No. 30).  Despite this, Plaintiff, not Plaintiff's counsel filed the Motion.  A party represented by counsel may not file pro se without obtaining prior leave of the Court. See *Song v. Turner*, Case No. 06-

14073, 2008 WL 880201, at *9 (E.D. Mich., Mar. 31, 2008) (striking a plaintiff's pro se filing when plaintiff was represented by counsel). (**Exhibit 1**.)

## ARGUMENT

**A.     Plaintiff's Motion is procedurally defective.**

This case is closed and thus this court has no further jurisdiction regarding Plaintiff's claims.[2] Further, pursuant to Local Rule 7.1(a), Plaintiff was required to seek concurrence in his Motion, explaining the nature of his Motion and its legal basis. Neither Plaintiff (nor Plaintiff's counsel) did so. On this basis alone Plaintiff's Motion should be denied. See *FDIC v Cuttle*, No. 11-CV-13442, 2013 WL 1010692, at *2 (E.D. Mich., March 14, 2013) (**Exhibit 2**) ("Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested"). Because Plaintiff filed this Motion pro se, the case was closed six months ago, and he did not seek concurrence in his Motion, the Court should strike his Motion. Despite there being no need for the Court to address the substance of Plaintiff's Motion, in the event the Court does address Plaintiff's Motion, Beaumont wishes to respond to the allegations levied by Plaintiff.

---

[2] Because the case was dismissed with prejudice and the Court did not retain jurisdiction, Plaintiff's claims are not properly before this court. See *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000).

3

### B. Beaumont has paid Plaintiff all settlement funds.

Plaintiff's request for payment of settlement funds is moot. Beaumont mailed Plaintiff the first of two settlement checks on September 13, 2023 (**Exhibit 3**, September 13, 2023 Cover Ltr; Tracking Confirmation of Delivery) and the second on September 15, 2023 (**Exhibit 4**, September 14, 2023 Cover Ltr; Tracking Confirmation of Delivery). Therefore, there is no controversy regarding the payment of the settlement funds and no need for court intervention.

### C. Plaintiff's requests for documents and generalized grievances are untimely, inaccurate, and not actionable.

Plaintiff's remaining statements and arguments are a mix of generalized complaints and inappropriate requests for documents.

First, Plaintiff claims that "Beaumont is not supposed to do anything further to fight the Plaintiff's unemployment benefits." (ECF No. 31, PageID.153.) Per the Settlement Agreement, Beaumont would not contest Plaintiff's claim for unemployment benefits, and Beaumont fully complied with that portion of the Agreement. Beaumont promptly advised Administrative Law Judge Richard Finch that it would not appear for Plaintiff's unemployment hearing (**Exhibit 5**, July 28, 2023 Ltr to Administrative Law Judge Richard Finch; **Exhibit 6**, Email to Plaintiff including July 28, 2023 Ltr). Plaintiff complains that Beaumont's request for an adjournment of the unemployment hearing is akin to "fighting the Plaintiff's unemployment benefits." But this request occurred prior to the Agreement, to allow

4

the parties time to work out the complete settlement. Beaumont is in full compliance with the Agreement that was entered into.

Second, Plaintiff requests that Beaumont provide him with the audio and video of his deposition, because he claims he is entitled to these items under Fed. R. Civ. P. 32(c). Rule 32(c) requires no such thing. The rule states that a party that is presenting a deposition in a court proceeding, which Beaumont is not, must provide the court with a copy of the transcript. See Fed. R. Civ. P. 32(c). That is of no relevance to Plaintiff's demand. As a courtesy, Beaumont emailed Plaintiff a copy of his deposition via email on July 25, 2023, and via U.S. Mail on August 3, 2023. Beaumont never ordered audio or video from his deposition, and even if it had, it is under no obligation to provide Plaintiff with a copy of the video.[3] Plaintiff can request, at his own expense, copies of the video testimony from the court reporter.[4]

Third, Plaintiff claims that Beaumont violated Fed. R. Civ. P. 30(d), by deposing him for 11 hours and 25 minutes. This is not only moot, but false. Plaintiff

---

[3] The costs of a deposition transcript must be paid by the party that request them. See Fed. R. Civ. P. 30(f)(3); *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo 2008) ("The general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court").

[4] Plaintiff also claims that there are inaccuracies in the deposition. Again, even if true, that complaint is not actionable against Beaumont, nor is it appropriate for this court's review.

5

was not deposed for 11 hours and 25 minutes because Plaintiff fails to account for the several breaks, including a break for lunch, and numerous off the record conferences he held with his attorney. Further, at no point did his attorney object to the length of his deposition, and the length of his deposition is of no consequence to a case that was closed six months ago.

Fourth, Plaintiff claims that the depositions were conducted in violation of Fed. R. Civ. P. 26(b) because discovery is limited to the claims and defense of the parties. Again, Plaintiff was represented by counsel during his deposition and never required to respond to a question over the objection of his counsel. His subjective belief that his questioning by Beaumont's attorneys went beyond the scope of Fed. R. Civ. P. 26(b) is not an issue appropriate for judicial review, especially in a case that has been closed for six months.

Finally, Plaintiff requests that Beaumont "declare all entity, individual or agency that may have a copy of Plaintiff's deposition statement and any other documents received from plaintiff or subpoenaed in this matter." In essence, Plaintiff seeks to re-open discovery. But this case is settled and dismissed with prejudice, Beaumont is under no obligation to respond to his requests. As a courtesy, Beaumont responds that it has not distributed his deposition to any induvial outside of this case.

## CONCLUSION

Beaumont has paid Plaintiff the settlement funds and this case has been closed since March 10, 2023. The remaining portion of Plaintiff's Motion is a list of grievances regarding the discovery process and is Plaintiff's attempt to harass Beaumont unnecessarily. Beaumont is concerned that this may become the first of many improper pro se filings by the Plaintiff. Beaumont therefore requests that the Court not only deny Plaintiff's Motion, but also instruct Plaintiff to cease frivolous filings in this case, and warn Plaintiff that it may award Beaumont attorney fees should it be forced to respond to such Motions in the future.

LOCAL RULE CERTIFICATION: I, Michelle C. Ruggirello, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Michelle C. Ruggirello*
    Eric J. Pelton (P40635)

7

                                                Michelle C. Ruggirello (P75202)
*Attorneys for Defendant*
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
mruggirello@khvpf.com

Dated:  September 15, 2023

494761

## CERTIFICATE OF SERVICE [

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record. I further certify that I have served by U.S. Mail the document to non-ECF participant Plaintiff Olugbenga Olufemi at 21795 Hampshire St., Southfield, MI, 48076.

*/s/Michelle C. Ruggirello*
Michelle C. Ruggirello (P75202)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
mruggirello@khvpf.com