

# United States District Court
# Eastern District of Michigan
# Southern Division

Olugbenga Olufemi,

Plaintiff,

V.

Beaumont Health,
Defendant.

Case No: 2:22-CV- 12058

Hon. Mark A. Goldsmith

Mag. Judge Elizabeth Stafford

## MOTION TO SEEK RELIEF FROM STIPULATED PROTECTIVE ORDER AND MOTION TO MODIFY STIPULATED PROTECTIVE ORDER

COMES NOW the Plaintiff, Olugbenga Olufemi respectfully moves this court to seek relief in part of the Stipulated Protective Order (ECF No.22) pursuant to FRCP 60 (b) and in part modify the Stipulated Protective Order (ECF No.22) pursuant to provisions in paragraph 6 and 11 of the previously filed Stipulated Protective Order.

The Plaintiff believes that the court may have inadvertently endorsed the previously filed Stipulated Protective order due to a number of reasons:

1. The Cause of Action Presented. Although, this case involves the allegations that occurred in a hospital setting and requires the exchange of sensitive medical information, this case also involves an allegations that employees were

1

subjected to a toxic work environment that persisted for over a year and perpetrated by a patient. Additionally, it involves an allegation that management failed to report these instances of sexual misconducts and physical assault to the human resources department. Yet, at least two employees were terminated as a consequence of the toxic work environment. When Plaintiff filed a complaint with the EEOC after being terminated from Beaumont, the Defendant denied the allegation that employees were subjected to sexual misconducts and/or physical assault at work.

A Stipulated Protective Order may not be crafted to safeguard parties from embarrassment and mismanagement, as well as to shield the public from learning the facts of a case.

Even if there was good cause, based on the information available to the court at the time, to endorse the Stipulated Protective Order, the current factual information suggests the court may not now.

FRCP 60 (b) authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, misrepresentation, misconduct or excusable neglect

2. The Stipulated Protective Order was drafted by the Defense Counsel and authorized by the Plaintiff's attorney against the interest, the knowledge, or consent of the Plaintiff thus, violating the scope of representation in the attorney-client relationship. The Plaintiff became aware in October 2023 that a protective

order was signed in this case and requested a copy from his attorney. A copy of the order was then surprisingly forwarded to the Plaintiff by the Defense Counsel in November, 8th, 2023 after the plaintiff attempted to file the defense witnesses deposition transcripts.

FRCP 60 (b) authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, misrepresentation, misconduct or excusable neglect

3. The Stipulated Protective Order was not fairly drafted. The Plaintiff was deposed twice for over 7 hrs hours without the leave of court on January 6th and 23rd, 2023. Plaintiff answered two sets of interrogatories and turned in requested documents prior to the execution of this Stipulated Protective Order. Plaintiff was asked to mention the names and date of birth of his one year old son during the deposition. Plaintiff's deposition transcripts were then filed according to his attorney. The defense depositions were taken in March, 6th 2023 and left in steno form with no apparent plan to transcribe or file.

FRCP 60 (b) authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, misrepresentation, misconduct or excusable neglect

4. The stipulated protective order is not fair to the Plaintiff. This Order was drafted on February 21st, 2023 and filed on March 1st, 2023. The case was "settled" on March 8th, 2023. it is questionable why this was not drafted in January

before the plaintiff was deposed but drafted and filed less than a week before the depositions of the defense witnesses were taken.

Additionally, In January, 2023 when plaintiff was deposed, Beaumont instructed the plaintiff not to use the patient's names or the patient's initial (i.e the moniker J.B) when referring to the patient. A stipulated protective order was then drafted in February, 2023 authorizing the Defendant's witnesses to use the moniker "J.B" to address the patient during their deposition.

FRCP 60 (b) authorizes a court to relieve a party from a final judgment, order, or proceeding for various reasons including mistake, inadvertence, surprise, misrepresentation, misconduct or excusable neglect

**Plaintiff's Objection to the Stipulated Protective Order. Paragraph by Paragraph Analysis Starting With The Introduction Or Cause For The Order**

While it is true that this case involves allegations that occurred in a hospital setting and requires the exchange of sensitive medical information, it is also true that the case involves allegations of sexual misconducts and or physical assaults on employees at height of the Covid-19 pandemic. Therefore, the Plaintiff respectfully moves the court to add language to that effect in the statement of cause for the order. Furthermore, no significant proprietary information's were exchanged during discovery.

While it is important to protect the names of the patient who allegedly assaulted staff, it is also important to protect witnesses who were allegedly

4

assaulted. The Plaintiff further suggests that the court make this decision after hearing from victims allegedly assaulted by the patient.

A Stipulated Protective Order may not be drafted to protect parties from embarrassment, mismanagement or use as a means of enforcing secrecy. It may also not be used to shield corporations from liabilities.

1. No suggested modification or objection to paragraph 1.

2. No suggested modification or objection to paragraph 2.

3. This paragraph is overboard and non-specific. Since the case is now "settled" the Plaintiff humbly asks the court to identify specific information that should be designated as "confidential information" in this case.

A Stipulated Protective Order may not be overly broad or give blanket power to parties to redact any information they consider to be confidential or embarrassing.

4. The Plaintiff disagrees that confidential information shall not be disclosed or used for any purpose except the preparation and trial of Olugbenga Olufemi V. Beaumont Health (case No.22-12058) and will not be used in any other litigation. The Plaintiff requests an amendment that would allow all depositions taken to be used confidentially for future litigation or proceedings but not to be disclosed online, in print or via broadcast.

Therefore, confidential information would be used confidentially in future litigations or proceedings in a way that identity of protected individual would not be disclosed without their consent. There is an ongoing proceedings regarding

plaintiff's termination which is related to the termination of plaintiff's employment and alleged toxic work environment that culminated in this suit.

Parties may not use a Stipulated Protective Order for blanket protection or to enforce secrecy.

A protective order may not be used to shield corporation from legal obligations or lawsuits. Protective orders may not be used to mislead the public about the facts of a lawsuit.

5.     This case is "settled" and discovery is over with, therefore, the Plaintiff respectfully asks the court to determine what exact documents are confidential besides financial information and medical records. And disclose to the plaintiff the list of documents filed under seal since the plaintiff does not have access to that information.

 Plaintiff also does not give permission to Beaumont to communicate on his behalf to any other attorney other than the attorney of record for case no. 2:22-CV-12058. Beaumont recently sent correspondence to the attorney handling an ongoing proceedings with the state of Michigan. Any financial obligation incurred as a result of unsolicited service rendered by the Defendant is the responsibility of the Defendant.

It is not in good faith for defendant to use a Stipulated Protective Order as blanket protection to disseminate unsolicited information to Plaintiff's attorney in another proceedings.

6.     No objection to Paragraph 6

7.     The Plaintiff agrees with the provision of this paragraph but respectfully asks the court to be more specific as to what information deserves to be designated as confidential.

8.     The Plaintiff disagrees that deposition transcripts or video of depositions taken during the depositions should be destroyed.  The provision for destroying a deposition transcript is a recipe for not speaking the truth under oath and for withholding or destruction of evidence.  Parties should have the right to receive a copy of all recordings taken during all depositions. Parties should notify each other how to get a copy of all deposition recordings including video recordings. The Plaintiff was deposed in January 2023. Video of that deposition was taken by the Defense, the Plaintiff requested for a copy of the video from Defense Counsel but the Defense Counsel refused to provide a copy or tell the Plaintiff how or where to get it.

The Plaintiff's deposition transcript was also altered in violation of U.S Code 1512. Plaintiff further respectfully asks the court to modify this paragraph to mandate all parties to file all deposition transcripts taken during the litigation. Plaintiff agrees to a provision that would allow for the destruction of financial or medical records. A Stipulated Protective Order must be fair, practical and not one-sided.

7

9. The Plaintiff agrees with the provision of this paragraph. However, the plaintiff is unaware of documents that have been designated as confidential or filed under seal in this case.

10. Plaintiff agrees that the Patient associated with the Plaintiff's complaint should be referred to as "J.B" and also by his last name in all responses to written discoveries, depositions or court filings . The use of only his last name or initial J.B is sufficient to provide confidentiality to the patient. Therefore, parties should redact only first names from court filings when applicable.

Plaintiff agrees that names of family member shall be redacted from any documents exchanged between the parties or filed with the court in potential litigation or proceedings. This particular stipulation is unfair to the Plaintiff because the Defendant specifically instructed the Plaintiff not to use the patient's name or the moniker "J.B" to refer to the patient during his depositions on January 11th and 26th, 2023. And during those the January 26th deposition, the Plaintiff was asked to state the name of his one year old son and birthday in violation of Federal rule of civil procedure. The Defendant then drafted a Stipulated Protective Order in February, 21, 2023, which was signed by the honorable judge on March 1st, 2023 allowing Beaumont to use the moniker "JB" in their depositions. The court has the power to redraft a protective order in a way to make it fair for both parties.

11. The Plaintiff requests that this paragraph be redrafted in a way that would allow depositions given in this case to be used in future litigation and proceedings.

A Protective Order may not be used to shield parties from liabilities.

12. Since the Plaintiff was not previously notified about this order, it is uncertain if any of his confidential documents were designated as confidential before filings. Therefore, this Stipulated Protective Order is unfair. The court has the power to redraft a protective order in a way to make it fair for parties.

13. No objection to Paragraph 13

In Conclusion, the plaintiff is seeking relief from the Stipulated Protective Order (ECF No. 22) for reasons elaborated above. Once the protective order is fairly modified, parties would then be bound by the modified version.

Signature: *[signature]*

Plaintiff, Olugbenga J Olufemi

21795 Hampshire Street

Southfield, MI 48076

Phone: 313-805-1121

femi777@yahoo.com

11/17//23