# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

# SOUTHERN DIVISION

OLUGBENGA OLUFEMI,

    PLAINTIFF,

V.                             Case No. 22-cv-12058

                               Hon. Mark A. Goldsmith

                               Mag. Judge Elizabeth A. Stafford

BEAUMONT HEALTH,

    DEFENDANT.



FILED NOV 30 2023 CLERK'S OFFICE DETROIT

## PLAINTIFF'S RESPONSE TO PLAINTIFF'S ATTORNEY'S RENEWED MOTION TO WITHDRAW

1. Plaintiff agree that this case arises out of claims by Plaintiff Olugbenga Olufemi against Defendant Beaumont Health for race and/or gender discrimination in the termination of his employment as a Registered nurse.

2. Plaintiff agree that a settlement conference was held before Magistrate Judge Elizabeth A. Stafford on March 8, 2023.

3. Plaintiff agree that at the settlement conference, a settlement was reached, and the settlement was put on the record and was acknowledged by Plaintiff.

**Response**: However, On March 8, 2023, following the conclusion of the conference, the plaintiff sent a message to his Attorney expressing his dissatisfaction with parts of the settlement agreement and ask his attorney to address the issue. Plaintiff had 30 days from March 8,2023 to accept of reject the settlement agreement.

4. Plaintiff agree that on March 10, 2023, Honorable Judge Mark A. Goldsmith entered Order Dismissing Case With Prejudice.

5. On June 12, 2023, Mr. Olufemi at 8:06 a.m. sent an email to Nanette L. Cortese instructing her, "therefore, please terminate all legal service regarding this case."

**Response:** Plaintiff agree that he sent multiple emails to Ms. Cortese during months of disagreement between the Plaintiff and Ms. Cortese as to wether the "proposed" settlement agreement and release that the defendant drafted reflects what was put on the record at the settlement conference on March 8,2023. Before this above message was sent, Ms. Cortese had told the Plaintiff that she might write a motion to withdraw as his attorney if the so-called "proposed" settlement agreement is not signed.

The plaintiff sent this above message to Ms. Cortese after paying his final legal bill.

If given an opportunity, the Plaintiff would argue that the so-called "proposed" settlement agreement does not constitute a proposal but a mandate which the plaintiff must adhere to for settlement to be honored. The plaintiff unsuccessfully fought the so-called proposal for almost four months and notify this court during his ordeal.

The plaintiff would also argue that, although the settlement reached on March 8, 2023 was intended to be used to settle all claims asserted in the lawsuit, the "proposed" settlement agreement which the plaintiff succumbed to, was used to settle claims asserted in the lawsuit and viable claims that were not asserted. The defendant opposed the idea of submitting a copy of the executed final settlement agreement to this court.

6. Plaintiff agree that this Honorable Court previously denied the Motion to Withdraw without prejudice.

7. Michigan Rule of Professional Conduct 1.16 Declining or Terminating Representation states that a lawyer shall not represent a client or where representation has commenced, shall withdraw from the representation of a client if, "(3) the lawyer is discharged." MRPC 1.16(a)(3). Further, MRPC 1.16(b)(6) provides that an attorney may also withdraw where good cause for withdrawal exists. Good cause exists in that Mr. Olufemi has informed Nanette

L. Cortese and The Cortese Law Firm, PLC that he no longer desires to use their legal services and wishes to terminate their legal services.

**Response:** Ms Cortese is not actively representing the Plaintiff. The listing of Ms. Cortese's name or law firm as counsel of record does not equate representation. Ms. Cortese is not actively advocating for the Plaintiff.

8. Pursuant to Local Rule 7.1(a) Nanette L. Cortese sent an email to Olugbenga Olufemi and explained the nature of the request to withdraw and submitted a proposed Stipulated Order.

**Response**: Plaintiff disagree

### Response To Factual Background

The Plaintiff retained Ms. Cortese to file a complaint in this matter which sets forth claims for race and gender discrimination following his termination as a registered nurse.

The defendant deposed the plaintiff twice for a combined 11hrs and 28 min, spending way more than 7 hrs on the record without leave of court. Plaintiff's one year old son's name and date of birth was listed on his deposition transcript and then filed according to Ms. Cortese. Plaintiff disagrees that discoveries were concluded in accordance with FRCP.

Plaintiff counsel took depositions of 4 selected defendant's employees for a combined 6hrs and 29min including breaks.

The settlement conference was held on March, 8 2023 before Magistrate Judge Elizabeth Stafford, a settlement was reached. The settlement was placed on the record and the plaintiff testified as to his understanding and acceptance of the settlement at the time. However, Plaintiff also had 30 days to decide wether to accept the settlement or reject it. Plaintiff communicated to his counsel regarding his dissatisfaction with the settlement within the 30 days period.

Counsel for defendant forwarded so-called "proposed" settlement agreement and release to counsel for plaintiff which the plaintiff initially refused to sign for reasons previously elaborated. And because the plaintiff believes that the court would have never approved the so-called "proposed" settlement agreement and release. The plaintiff therefore respectfully ask the court to allow him to make this argument before the honorable Judge.

on June 12, 2023 at 8:06 a.m., the plaintiff sent Ms. Cortese an email which stated in pertinent part, "therefore, please terminate all legal service regarding this case." Plaintiff sent this message for numerous reasons but most importantly because Ms. Cortese seems to believe that the proposed settlement agreement and release reflects what was put on the record on March 8, 2023 and ask the plaintiff to sign it.

The Plaintiff will argue that the settlement agreement and release that the plaintiff succumbed to did not reflect what was agreed to at the settlement conference on

March 8, 2023. The plaintiff respectfully ask the court to allow him to make his argument before a determination is made regarding this motion.

The plaintiff filed his motions in good faith to enforce settlement agreement and to compel defendant to abide by the federal rules of civil procedures. Most importantly, the plaintiff recently filed a motion pursuant to FRCP #60 because the stipulated protective order was entered into without the knowledge, the interest and the consent of the plaintiff and in violation of Michigan Rules of Professional conduct number 1.3 and 1.4 (b).

Additionally, when the plaintiff became aware that a stipulated protective order was executed in this case, he requested for a copy from his Attorney; the attorney for the defense counsel then sent the plaintiff a copy.  The plaintiff also attempted to file defense deposition transcript because those transcripts were not filed during discovery while the plaintiff's transcripts were filed. The plaintiff seriously believes that there is no good cause to file plaintiff's deposition transcripts and not file the defense depositions transcript. The plaintiff also filed a motion informing the court that his deposition transcripts were altered. All these filings were done in good faith and could have been filed by plaintiff's attorney.

## Response to Legal Analysis

The plaintiff files pleadings that his attorney would not file and those pleadings were signed by the plaintiff. The mere listing of Ms. Cortese as counsel of record pending resolution of all motions does not pose any risk to Ms. Cortese, especially

because most of the issues raised in plaintiff's pleadings occurred while Ms. Cortese appears to be actively representing the the plaintiff and was paid by the plaintiff.

The mere listing of Ms. Cortese's name as counsel of record pending the resolution of issues that occurred while the Plaintiff appeared to be actively represented by Ms. Cortese does not equate representation.

Additionally, there is no good cause for Ms. Cortese's name to be unlisted as Plaintiff's lawyer at this time, especially because Ms. Cortese appears to be advocating for the defense. Additionally, It is imperative for Ms. Cortese to declare if there is conflict of interest or potential conflicts of interest between the Cortese Law Firm PLC and Beaumont/Core-well Health before this court rule on this motion.

In conclusion, the plaintiff respectfully ask the court not to withdraw Ms. Cortese's name at this time pending the resolution of lingering issues. The defense has the absolute power and resources to resolve these issues without the intervention of this court.

Signature: _____

Plaintiff, Olugbenga J Olufemi

21795 Hampshire Street

Southfield, MI 48076

Phone: 313-805-1121

femi777@yahoo.com

11/30/23