UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLUGBENGA OLUFEMI,

    Plaintiff,

v.

BEAUMONT HEALTH,

    Defendant.

Case No: 2:22-cv-12058

Hon. Mark A. Goldsmith

Magistrate Judge Elizabeth A. Stafford

_____/

**DEFENDANT BEAUMONT HEALTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SEEK RELIEF FROM STIPULATED PROTECTIVE ORDER AND MOTION TO MODIFY STIPULATED PROTECTIVE ORDER**

This case was resolved on March 8, at which time the terms of the settlement agreement were detailed on the record before Magistrate Judge Stafford. The case was then dismissed by the Court with prejudice on March 10, 2023. ECF No. 23. The formal written agreement was finalized and signed on July 24, 2023 in the courtroom at a status conference held by the Court to ensure the written settlement was finalized. See Court 7/24/2023 Docket Minute Entry. The settlement proceeds were paid to Plaintiff on September 13 and 14. There is nothing more to be done,

but Plaintiff continues to pester Beaumont with motions on moot and inconsequential issues.[1]

Plaintiff's current motion concerning a protective order entered in the case appears to arise out of a dispute between he and his attorney and his lack of understanding about court processes and what has occurred in the case.[2] While he seeks to modify the protective order entered in this case, no documents produced in discovery during the case, nor Plaintiff's deposition, were placed under the protective order. Six months after the March settlement, however, Plaintiff ordered copies of four transcripts of Beaumont witnesses that had not previously been transcribed. He then attempted to file those transcripts with the Court, which were promptly rejected as improper. ECF No. 35.[3]

When Beaumont's counsel was notified that Plaintiff had filed a transcript with the Court, he immediately sent Plaintiff's counsel, with copy to Plaintiff's regulatory counsel, a letter stating that these transcripts should be placed under the

---

[1] As addressed in Beaumont's Response in Opposition to Plaintiff's Motion to Enforce Settlement, this motion is also procedurally defective because (1) the case was closed in March 2023, and the court did not retain jurisdiction; (2) despite being represented by counsel, Plaintiff filed a motion *pro se*; and (3) Plaintiff failed to seek Beaumont's concurrence before filing this motion. ECF No. 32, PageID.156.

[2] Plaintiff's counsel has filed a separate motion to withdraw. ECF No. 36.

[3] Plaintiff's most recent filing earlier today incorrectly states Plaintiff's deposition was filed with the court. ECF No. 38, PageID.280. It was not. He further states that his deposition was 11.5 hours in length. In fact it went 8 hours 55 minutes over two days by agreement of counsel.

protective order entered in the case as a "precautionary measure" because Beaumont had not ordered or received a copy of the transcripts. (Ex. 1, 11/3/2023 Letter.) This reminder included notifying Plaintiff that any references to the patient involved in the case should be referred to by his initials. *Id.*[4] This case is long over and there is no reason for Beaumont to incur the expense of ordering transcripts and continuing to respond to Plaintiff's *pro se* motions. Beaumont thus prefers to maintain these transcripts under the protective order as designated in undersigned counsel's November 3, 2023 letter.

Beaumont requests that the Court confirm the case is closed and order Plaintiff to refrain from any further filings in this case.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: /s/Eric J. Pelton
     Eric J. Pelton (P40635)
*Attorneys for Defendant*
280 N. Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com

Dated:  December 1, 2023

502974

---

[4] If the Court is inclined to amend the protective order, Plaintiff's request that he be able to publicly utilize the patient's last name should be rejected.

## LOCAL RULE CERTIFICATION

I, Eric J. Pelton, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                        Respectfully submitted,

                                        KIENBAUM HARDY
                                        VIVIANO PELTON & FORREST, P.L.C.

                                        By: */s/Eric J. Pelton*
                                            Eric J. Pelton (P40635)
                                        *Attorneys for Defendant*
                                        280 N. Old Woodward Avenue, Suite 400
                                        Birmingham, Michigan 48009
                                        (248) 645-0000
                                        epelton@khvpf.com

Dated: December 1, 2023

502974

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants on record. I further certify that I have served by U.S. Mail the document to non-ECF participant Plaintiff Olugbenga Olufemi, at 21795 Hampshire St., Southfield, MI, 48076.

>*/s/Eric J. Pelton*
>Eric J. Pelton (P40635)
>Kienbaum Hardy
>Viviano Pelton & Forrest, P.L.C.
>280 N. Old Woodward Ave., Ste. 400
>Birmingham, Michigan 48009
>(248) 645-0000
>epelton@khvpf.com

502974